**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

```
DOROTHY ROSEBOOM,                )
                                 )
     Plaintiff,                  )
                                 )
           v.                    )   Case No. 05-cv-4053
                                 )
JO ANNE B. BARNHART,             )
COMMISSIONER OF SOCIAL SECURITY, )
                                 )
     Defendant.                  )
```

**O R D E R**

Before the court is the Motion for Attorney Fees filed by Plaintiff, Dorothy Roseboom, on December 21, 2006 [Doc. 26]. For the reasons that follow, the Motion is DENIED.

**BACKGROUND**

Plaintiff appealed the decision of Defendant denying Disability Insurance Benefits and Supplemental Security Income Benefits. Plaintiff alleged disabilities relating to a visual condition and physical conditions. She alleged that the Commissioner erred by finding that the date last insured was December 31, 2000, by failing to consider all of her impairments in finding that she was not disabled prior to June, 2001 (by finding that she was capable of performing her past relevant work prior to June, 2001, and that her allegations of disability were not fully credible). This Court held, in an Order dated September 22, 2006, that the Commissioner did not err with

1

respect to her date last insured, in finding that she was not disabled prior to June, 2001, and in concluding that her allegations of disability were not fully credible. This Court did, however, find that remand was necessary as it was unclear whether the Commissioner relied on Plaintiff's work experience as a realtor in determining her ability to perform work.

Plaintiff now seeks attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).

## DISCUSSION

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

This Court may award attorney fees if the Plaintiff was a "prevailing party;" the government's position was not "substantially justified;" if no special circumstances make an award unjust; and if the Plaintiff filed a timely and complete application with the district court. See Krecioch v. United

States, 316 F.3d 684, 687 (7th Cir. 2003).[1]  The government's position can be substantially justified even if it is not correct.  Pierce v. Underwood, 487 U.S. 552, 565 (1988).  A substantially justified position is one that "has a reasonable basis in law and fact" and "a reasonable connection between the facts alleged and the theory propounded."  Conrad v. Barnhart, 434 F.3d 984, 990 (7th Cir. 2006).

There appears to be no question that Plaintiff was a prevailing party in light of this Court's remand.  However, the government contends that its position was substantially justified even though this matter was remanded.  As indicated above, the only error that this Court found was the ALJ's treatment of Plaintiff's former work in the real estate field.  While the ALJ determined that Plaintiff's past work as a realtor and sales agent were not substantial gainful employment, there was some ambiguity as to whether these two jobs were considered relevant work experience in the ALJ's hypothetical to the vocational expert.  Specifically, this Court found that:

---

[1] The statute provides that an application must be made "within thirty days of final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  Final judgment in this action was entered on October 24, 2006.  The application for fees was not filed until December 21, 2006, 58 days later.  It would appear, then, that the application is untimely.  Plaintiff states that the application is timely as it could be filed through December 21, 2006.  Defendant does not address that point and presumably concurs with Plaintiff's assessment.

> Although the ALJ questioned Plaintiff's reporting of her income, he acknowledged in his decision that Plaintiff's realtor work and sales agent work was not substantial gainful activity. (R. at 32.) But, the ALJ mentioned the "sales agent" job as "past work" in his hypothetical to the VE, and the VE's testimony was presumably based on the assumption that Plaintiff's realtor and sales agent work qualified as relevant work experience. All of the jobs listed by the VE are semi-skilled jobs which presumably rely on transferrable job skills. It is not clear from the record whether these transferable skills would be from Plaintiff's previous work as a bookkeeper or as a sales agent. Accordingly, a remand is required to determine if the VE's conclusion would be the same if Plaintiff's realtor and sales agent work is not considered.

This Court also noted that the government did not address, and therefore advocate, the correctness of the ALJ's decision in this regard.

This is not a situation where the Commissioner or the government has advocated a position that has no basis in the facts or the law. Nor is it a situation where the Commissioner's errors were compounded by the advocacy of the government before this Court. Rather, the error committed by the Commissioner was one of explanation. See e.g. Cunningham v. Barnhart, 440 F.3d 862 (7th Cir. 2006). The ALJ granted Plaintiff partial benefits and only erred in explaining the basis of his hypothetical to the Vocational Expert. The government position was generally supported by the law and the facts. As such, the government's position, while ultimately

4

resulting in a remand, was justified in the main. Therefore, Plaintiff is not entitled to attorney fees pursuant to the EAJA.

### CONCLUSION

For the foregoing reasons, the Motion for Attorney Fees filed by Plaintiff, Dorothy Roseboom, on December 21, 2006 [Doc. 26] is DENIED.

Entered this  30th  day of October, 2007

                                      s/ Joe B. McDade
                                      JOE BILLY McDADE
                        United States District Judge